```
FILED

FEB -8 2012

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY
```

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE SALCEDO,<br>CDCR #V-30843,<br><br>            Plaintiff,<br><br>vs.<br><br>MATTHEW CATE; EDMUND BROWN;<br>DOMINGO URIBE; DOES 1 - 20,<br><br>            Defendants. | Civil No.   11-2859 BEN (WMc)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO<br>PROCEED *IN FORMA PAUPERIS*<br>AS BARRED BY 28 U.S.C. § 1915(g)**<br><br>**[ECF No. 2]**<br><br>**AND**<br><br>**(2) DISMISSING CASE FOR<br>FAILURE TO PAY FILING<br>FEE REQUIRED BY<br>28 U.S.C. § 1914(a)** |

Plaintiff, a state inmate currently incarcerated at Centinela State Prison located in Imperial, California and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

**I.    Motion to Proceed IFP**

Section 1915 of Title 28 of the United States Code allows certain litigants to pursue civil litigation IFP, that is, without the full prepayment of fees or costs. 28 U.S.C. § 1915(a)(2).

1  However, the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the

2  privilege to proceed IFP:

3  . . . if the prisoner has, on 3 or more prior occasions, while
incarcerated or detained in any facility, brought an action or appeal
in a court of the United States that was dismissed on the grounds

4  that it is frivolous, malicious, or fails to state a claim upon which
relief can be granted, unless the prisoner is under imminent danger

5  of serious physical injury.

6

7  28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision."

8  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to

9  § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v.*

10  *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA,

11  "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP

12  status under the three strikes rule[.]"). The objective of the PLRA is to further "the

13  congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*,

14  128 F.3d 1310, 1312 (9th Cir. 1997).

15  "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were

16  dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"

17  *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles

18  such dismissal as a denial of the prisoner's application to file the action without prepayment of

19  the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has

20  accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action

21  in federal court unless he can show he is facing "imminent danger of serious physical injury."

22  *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP

23  complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of

24  serious physical injury' at the time of filing.").

25  **II.    Application of 28 U.S.C. § 1915(g)**

26  As an initial matter, the Court has carefully reviewed Plaintiff's Complaint and has

27  ascertained that there is no "plausible allegation" to suggest Plaintiff "faced 'imminent danger

28  of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28

1   U.S.C. § 1915(g)).  In his Complaint, Plaintiff claims that he is on track to be transferred to an

2   out of state prison where he claims he will suffer harm.  These allegations are speculative, at

3   best, given Plaintiff does not identify with certainty where he will be transferred or the specific

4   risk to his safety.

5        A court "'may take notice of proceedings in other courts, both within and without the

6   federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias*

7   *v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d

8   801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens*

9   *Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).  Thus, this Court takes judicial

10  notice that Plaintiff has had three prisoner civil actions dismissed on the grounds that they were

11  frivolous, malicious, or failed to state a claim upon which relief may be granted.

12       They are:

13       1)   *Salcedo v. Does 1-10*, Civil Case No. EDCV 07-965 (AGR) (C.D. Cal. Sept. 25,

14            2007 Order dismissing complaint for failure to state a claim upon which relief

15            may be granted) (strike one);

16       2)   *Salcedo v. Does 1-20*, Civil Case No. EDCV 07-1478 UA (AGR) (C.D. Cal. Apr.

17            2, 2008 Order dismissing complaint for failure to state a claim upon which relief

18            may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (strike two);

19       3)   *Salcedo v. Does 1-10*, Civil Case No. EDCV 08-0954 (AGR) (C.D. Cal. Sept. 29,

20            2008 Order dismissing complaint for failure to state a claim upon which relief

21            may be granted) (strike three).

22       Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes"

23  pursuant to § 1915(g), and he fails to make a "plausible allegation" that he faced imminent

24  danger of serious physical injury at the time he filed his Complaint, he is not entitled to the

25  privilege of proceeding IFP in this action.  *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169

26  F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing

27  the courts; it only precludes prisoners with a history of abusing the legal system from continuing

28

1  to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th

2  Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

3  **III.    Conclusion and Order**

4        For the reasons set forth above, the Court hereby:

5        1)      **DENIES** Plaintiff's Motion to Proceed IFP [ECF No.2] pursuant to 28 U.S.C.

6  § 1915(g);

7        2)      **DISMISSES** this action without prejudice for failure to pay the $350 civil filing

8  fee required by 28 U.S.C. § 1914(a), and

9        3)      **DENIES** all remaining Motions as moot.

10       The Clerk shall close the file

11       **IT IS SO ORDERED.**

12

13  DATED: _3/06/2012_                    _____

14

15                                        HON. ROGER T. BENITEZ
                                          United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28